## (March 10, 1965)

■ Harry Thompson, Respondent, v. Gustav Hirsch Organization, Appellant.— *Per Curiam*. In a personal injury negligence action defendant appeals from a judgment of the Supreme Court at Trial Term, Clinton County, entered on a jury verdict and from the denial of its motion to set aside the verdict. In 1960 Raymond-Kaiser-Macco-Puget Sound (Raymond) entered into a contract with the Federal Government for the construction of an Atlas missile launch complex in the environs of the City of Plattsburgh. Thereafter Raymond entered into a subcontract with defendant whereby it agreed to perform all work required by the prime contract in connection with the installation of the permanent electrical systems at the missile sites. Facilities to provide heat, light and power for use in connection with the construction work were necessary adjuncts of its performance. The erection of such was not encompassed by the subcontract but was done by defendant's employees at Raymond's direction conveyed by the issuance of a separate purchase order for each particular installation. Defendant was periodically reimbursed for the cost of the labor and materials entailed and the installation, when completed, became the property of Raymond. To provide light for use at Site 7 defendant in the Fall of 1960 ran a temporary wire conducting 220 volts of electric current from ground level down a steep embankment surrounding a

silo in the process of erection to a switchbox attached to a shanty located at the perimeter of the site. The cable was buried in a shallow trench until it reached the brink of the declivity and therefrom to its terminus was placed atop the surface of the ground. In January or February, 1961 steel reinforcing rods used in the construction of the silo were deposited by Raymond's employees on the hillside in the vicinity of the wire. At the direction of their foreman plaintiff, an ironworker employed by Raymond, and a fellow employee were engaged on the afternoon of April 20 in bundling the rods and attaching them by means of a choker to the spreader hooks of the boom of a crane which then lowered the material to the vicinity of the silo for use in strengthening its concrete walls. He testified that in steadying a bundle of the looped rods he experienced an electric shock which precipitated a fall down the terraced embankment causing the injuries complained of. The pleaded theory of the complaint is that the cable installed by defendant was " uninsulated and uncovered " and came in contact with the steel rods through which its electric current was transmitted to plaintiff's person. The record is completely devoid of proof that the wire was uninsulated and uncovered. Nor was there evidence that the cable which the record demonstrates to have been especially adaptable for the purpose to which it was put and to have been prescribed by Raymond's safety engineer was negligently installed. The position of the wire was determined by Raymond's superintendent. It is undisputed that the installation conformed to custom and usage and the safety rules and regulations in effect at the jobsite and that it had the approval of the Army Corps of Engineers. The complaint neither alleges a duty on the part of defendant to maintain the line nor a failure to acquit it. Assuming that the parties agreed to broaden the trial to include this theory of liability plaintiff introduced no proof in its support. Under the purchase order arrangement defendant was obligated only to move the wire about the jobsite when so directed by the prime contractor. After installation the cable was owned by Raymond. Its employees incumbered it with the steel rods and conducted the operation involved in their removal to the silo site to which a witness, sworn by plaintiff, attributed the broken or scuffed condition of its insulation which examinations conducted immediately after the accident disclosed. It was neither contended nor proved at the trial that the safety provisions cited in respondent's brief were violated. There is no evidentiary significance, as far as defendant's duty was concerned, in the statement of Raymond's safety engineer that had he known of the presence of the rods on the wire he would have had them removed. Judgment reversed, on the law and the facts, and complaint dismissed, without costs. Herlihy, J. P., Taylor, Aulisi and Hamm, JJ., concur.